IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| SHLOMO DOTAN, | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | |
| | : | No. 2022-GN-2916 |
| vs. | : | |
| | : | |
| | : | Type of Pleading: COMPLAINT |
| CITY OF ALTOONA, | : | |
| Defendant | : | |
| | : | |

## COMPLAINT FOR DAMAGES

AND NOW, comes the Plaintiff, **Shlomo Dotan**, by and through his attorney, Greta M. Kiser, Esquire, and files this Complaint for Damages, the following of which is a complete statement:

1.   Plaintiff, Shlomo Dotan, is an adult individual currently residing at 315 Aldrich Avenue, Altoona, Blair County, Pennsylvania, 16602.

2.   Defendant, City of Altoona, is a Pennsylvania city with its main office at 1301 Twelfth Street, Altoona, Blair County, Pennsylvania 16601.

3.   Plaintiff owns property in the City of Altoona, Blair County, Pennsylvania.

4.   Plaintiff owns his primary residence, located at 315 Aldrich Avenue, Altoona, Blair County, Pennsylvania 16602 ("315 Aldrich Avenue"), the deed to which is attached hereto and marked Exhibit "A".

5.   Plaintiff owns the property located at 909 27th Street, Altoona, Blair County, Pennsylvania 16602 ("909 27th Street"), the deed to which is attached hereto and marked Exhibit "B".

6.   The 909 27th Street property is a rental property owned by Plaintiff.

**EXHIBIT A**

7.  Plaintiff owns the property located at 311 25th Street, Altoona, Blair County, Pennsylvania 16602 ("311 25th Street"), the deed to which is attached hereto and marked Exhibit "C".

8.  The 311 25th Street property is a rental property owned by Plaintiff.

9.  The 909 27th Street and 311 25th Street properties are sometimes collectively referred to as the "rental properties".

10. Prior to 2011, Plaintiff operated the above two rental homes for a long period of time without any issues, financially nor with the City of Altoona.

11. Around or prior to 2011, the City of Altoona enacted an ordinance to inspect rental properties for maintenance and safety and to prevent the degradation of properties.

12. The ordinance provided for the registration of vacant homes to prevent blight, access by transients, and to rehabilitate such vacant buildings pursuant to Chapter 10 of the City Code.

13. Registration of rental units or vacant properties requires a fee to allegedly defray the cost of inspection.

14. At some point between 2011 and 2015, after the enactment of the new ordinance, which is based on the international safety code, Plaintiff registered and paid the required fee for the rental properties.

15. After payment of the required fee, Plaintiff's property was found to be clean and safe.

16. Thomas Hammel was a code enforcement officer employed by the City of Altoona.

17. Robert Dennis is a code enforcement officer employed by the City of Altoona.

18. Thomas Hammel allegedly conducted a drive by inspection of Plaintiff's 909 27th Street property on or about September 20, 2016.

19.   Thomas Hammel allegedly conducted the drive by inspection of Plaintiff's 909 27th Street property after a neighbor called the City of Altoona to request that Plaintiff paint his house.

20.   Thomas Hammel wrote a letter to Plaintiff, dated September 20, 2016 ("September 20th Letter"), outlining alleged violations of the City of Altoona property maintenance code, a copy of the letter is attached hereto, incorporated herein, and marked as Exhibit "D".

21.   Plaintiff did not receive the September 20th Letter, but upon hearing about the existence of a letter, Plaintiff requested a copy.

22.   Plaintiff received the requested copy of the September 20th Letter on May 11, 2017.

23.   The September 20th Letter outlined four alleged violations of the City of Altoona property maintenance code.

24.   At the time of the September 20th Letter, the 909 27th Street property was occupied by a tenant.

25.   On several occasions, Thomas Hammel photographed the 909 27th Street property and the tenant.

26.   The tenant accumulated a large amount of trash and debris on the porch of the property, as evidenced by the photograph of the trash and debris taken by Plaintiff and attached hereto, incorporated herein, and marked as Exhibit "E".

27.   Plaintiff, the landlord, made attempts to enter the 909 27th Street property, but the tenant would threaten to call the police and tell Plaintiff to leave the property.

28.   Plaintiff was finally able to enter the 909 27th Street property to clean the trash and debris from the porch, as evidenced by the photographs of the porch taken by Plaintiff

after the September 20th Letter, before and after the trash and debris was cleaned up. The photos are attached hereto and marked collectively as Exhibit "F".

29. Plaintiff completed all other repairs to violations outlined in the September 20th Letter by February 28, 2017, except for the exterior painting, which could not be completed in the middle of winter.

30. According to the September 20th Letter, Plaintiff was given until June 5, 2017, to complete all repairs to the 909 27th Street property, except trash and debris removal, which was to occur within seven days of the September 20th Letter.

31. Plaintiff contacted Thomas Hammel on February 28, 2017, to inform Mr. Hammel that all repairs had been completed, except for the exterior painting, and requested that Mr. Hammel inspect the 909 27th Street property.

32. Mr. Hammel informed Plaintiff that he was "very busy" and would "get to it."

33. Plaintiff was cited by the City of Altoona under the City of Altoona property maintenance code for all violations outlined in the September 20th Letter, and prior to June 5, 2017, the date until which Plaintiff had time to complete repairs.

34. Plaintiff was cited six times for violations of the City of Altoona property maintenance code. All six violations were filed prior to June 5, 2017, the date until which Plaintiff had time to make repairs.

35. The cases were filed in District Court 24-1-02 at Docket Numbers NT 613-2016, NT 614-2016, NT 615-2016, NT 616-2016, NT 335-2016 and NT 336-2016.

36. Docket Number NT 613-2016 was subsequently withdrawn.

37. Plaintiff was found guilty in all cases except NT 613-2016, which was withdrawn.

38. At no time did Plaintiff receive a copy of the citations. Plaintiff merely received a copy of the complaint, which did not identify the subject property of the complaint.

39. Plaintiff then appeared at Court, without knowing the subject property of the complaint, which disadvantaged, confused, and rendered Plaintiff unable to prepare an adequate defense, thus violating his rights.

40. The City of Altoona did not inspect the 909 27th Street property after Plaintiff contacted Mr. Hammel to request an inspection nor prior to filing the citations, as evidenced by Defendant's Letter to Plaintiff dated May 17, 2018 ("May 17th Letter"), which includes all alleged violations that had already been repaired. The May 17th Letter is attached hereto and marked Exhibit "G".

41. Even if the repairs had not yet been completed at the time the citations were filed, Plaintiff still had until June 5, 2017 to make the applicable repairs.

42. Plaintiff received three additional citations for alleged violations after June 5, 2017, after completing all repairs except for exterior painting.

43. Docket Number NT 466-2017 was filed on June 22, 2017, and Plaintiff was found guilty.

44. Docket Numbers NT 630-2017 and NT 631-2017 were filed on August 25, 2017, and September 22, 2017, respectively, but were subsequently withdrawn.

45. Plaintiff made attempts to complete the exterior painting; however, due to the amount of inclement, rainy weather during this period of 2017, Plaintiff was only able to partially complete the exterior painting repair.

46. Beginning on or before June 22, 2017, an inspector from the City of Altoona began making visits to 909 27th Street property.

47. As a result of the numerous visits by the City of Altoona inspector, the tenant leasing Plaintiff's 909 27th Street property refused to pay rent.

48. The tenant's refusal to make rent payments required Plaintiff to commence costly eviction proceedings, and ultimately Plaintiff was awarded a judgment greater than $2400 against the tenant.

49. The City of Altoona's method of inspection and demand for repairs constitutes a form of harassment.

50. The method of inspection and demand for repairs by the City of Altoona and its Code Enforcement Officer constitutes interference with the lease agreement between Plaintiff and the tenant.

51. The City of Altoona subsequently condemned and posted the 909 27th Street property on or about June 25, 2018, a copy of the posted notice is attached hereto and marked as Exhibit "H".

52. At this time, a tenant was renting from Plaintiff and resided at the 909 27th Street property.

53. The City of Altoona then contacted the gas company providing service to the 909 27th Street property and ordered the gas service be discontinued, to induce the tenant to vacate the property.

54. Plaintiff owned the 909 27th Street property for over 30 years and never received any complaints prior to the tenant who accumulated the trash and debris subject of the September 20th Letter.

55. This tenant was evicted after a lengthy and expensive process, during which Plaintiff received no rent payments.

56. Although Plaintiff received a judgment against the tenant, Plaintiff has not been able to collect on the judgment.

57. Sometime thereafter, the 909 27th Street property was released.

58. Sometime during January 2019, the tenant moved out of the 909 27th Street property.

59. Immediately after the tenant vacated the 909 27th Street property, the City of Altoona re-posted the 909 27th Street property with a condemnation placard on January 31, 2019. A copy of the notice is attached hereto and marked as Exhibit "I".

60. That on that same date, January 31, 2019, the City of Altoona sent a letter to Plaintiff claiming that the 909 27th Street property was vacant and charged Plaintiff a fee of $500 for a vacant property. A copy of the letter is attached hereto and marked as Exhibit "J".

61. The property had been vacant for less than 30 days.

62. In addition to the 909 27th Street property, Plaintiff is also the owner of the 311 25th Street property, which is also subject to this Complaint.

63. On or about February 15, 2017, the City of Altoona inspected the 311 25th Street property exterior and filed citations with the local magistrate, at which time the 311 25th Street property was found to be unregistered.

64. Plaintiff did not receive notice of the citation; Plaintiff did receive notice of the hearing with the docket number, but did not provide any identifying property information to which the citations would apply.

65. On just one day, February 15, 2017, the City of Altoona cited Plaintiff a total of 12 times for alleged code violations at the 311 25th Street property.

66. All cases were filed in District Court 24-1-02 at Docket Numbers NT 159-2017, NT 160-2017, NT 198-2017, NT 199-2017, NT 200-2017, NT 201-2017, NT 202-2017, NT 203-2017, NT 204-2017, NT 205-2017, NT 206-2017, and NT 207-2017.

67. Plaintiff was found not guilty in the matters of NT 203-2017 and NT 206-2017.

68. Plaintiff was found guilty in the remaining ten cases.

69. During this time, a tenant rented and occupied the 311 25th Street property.

70. The City of Altoona inspector cited the 311 25th Street property for lack of registration and demanded the exterior be painted.

71. In a visit to the 311 25th Street property by Plaintiff, the tenant told Plaintiff that the City of Altoona inspector advised her not to pay rent until such time as the property was registered and any faults corrected.

72. After tenant's refusal to pay rent, Plaintiff requested to know if anything was wrong with the property after nearly a year of occupancy by tenant.

73. Tenant informed Plaintiff that nothing was wrong and that she wanted to stay at the 311 25th Street property.

74. Plaintiff demanded payment of all rents due by tenant.

75. When tenant did not pay, Plaintiff issued an eviction notice and upon non-payment commenced eviction proceedings against the tenant.

76. After another lengthy and expensive process, Plaintiff received a judgment against the tenant for over $4,400.

77. As a result of the eviction proceedings of both the 909 27th Street property and the 311 25th Street property, Plaintiff lost the income from the rental properties, which in turn severely impacted the cash flow of the rental properties.

78. In fact, the cash flow to the 909 27th Street property was so severely impacted that the lender commenced foreclosure proceedings against the property, which is now pending sale.

79. At this time, Robert Dennis was an inspector for the City of Altoona.

80. Robert Dennis resided in Kaufman Hollow, Bedford County, which is over 30 miles from the City of Altoona.

81. The City of Altoona employed Mr. Dennis contrary to the City of Altoona employment ordinance, requiring officials to reside within 30 miles of the City.

82. Plaintiff contends that he was individually targeted, rising to the level of disparate treatment by the City of Altoona.

83. In total, Plaintiff has received over $5,000 in fines from the City of Altoona.

84. Plaintiff makes monthly payments toward full payment of the unjust fines.

85. On several occasions, Plaintiff has been threatened with imprisonment for failure to pay the fines, even though, the fines are being paid in a timely manner.

86. The City of Altoona City Code Section 550 does not require painting of a property as a way to preserve or promote Public Health or Safety.

87. The untimely and unjust enforcement of the property painting is a question of home improvement that may affect the value of the property and is without any connection to Public Health or Safety.

88. At all the above hearings, Plaintiff asked the Code Enforcement Officers, Mr. Dennis and Mr. Hammel, about their past experience and training as Code Enforcement Officers and/or Inspectors for the City of Altoona.

89. Each time Mr. Dennis and Mr. Hammel were questioned about their past experience and training as Code Enforcement Officers and/or Inspectors for the City of Altoona, both Mr. Dennis and Mr. Hammel stated they never received training to perform the task of property inspection.

90. Plaintiff also owns the 315 Aldrich Avenue property, which Plaintiff began using as an office before 2016.

91. Plaintiff had the water service to the 315 Aldrich Avenue property discontinued since he did not need it for his office use.

92. When Plaintiff discontinued water service to the 315 Aldrich Avenue property, the City of Altoona assumed that the property was vacant and sent a letter to Plaintiff on October 19, 2016, requiring Plaintiff to pay a Vacant Property Registration Fee of $1000.00. This letter is attached hereto and is marked Exhibit "K".

93. Plaintiff refused to pay the Vacant Property Registration Fee because the 315 Aldrich Avenue property was not vacant.

94. Additionally, the City of Altoona sent a bill to Plaintiff for Property Maintenance Reinspection Fees totaling $300.00. Copies of the bills are attached hereto and marked as Exhibit "L".

95. Then on August 8, 2018, the City of Altoona sent Plaintiff a letter requiring him to board up the house as vacant property even though the 315 Aldrich Avenue property is in a residential area, well maintained, and in frequent use by Plaintiff.

96. Then on October 19, 2018, the City of Altoona posted a large VACANT notice on the 315 Aldrich Avenue property.

97.  At the time of posting, but not prior, the house was vacant because the lender initiated foreclosure proceedings on the 315 Aldrich Avenue property due to the City of Altoona's actions detailed in the previous paragraphs of this Complaint, which caused a substantial impact to Plaintiff's income from the rental properties and Plaintiff's overall cash flow.

98.  Because of the foreclosure proceedings, Plaintiff did not have access to the 315 Aldrich Avenue property. The mortgage has since been amended and the 315 Aldrich Avenue property is no longer in foreclosure proceedings.

99.  On or before October 19, 2018, the City of Altoona cited Plaintiff for the 315 Aldrich Avenue property vacancy, which were then filed in District Court 24-1-02 at Docket Numbers NT 212-2018, NT 213-2018, and NT 225-2018.

100. Said citations were issued on or before October 19, 2018, citing Plaintiff for vacant property at 315 Aldrich Avenue and demanding registration pursuant to Chapter 10 of the City Code.

101. Whereas the stated purpose of the Altoona vacant property ordinance is to prevent blight.

102. Plaintiff's 315 Aldrich Avenue property is in a very nice neighborhood, is maintained by Plaintiff, and does not create the potential for blight now nor in the future.

103. Notwithstanding the stated purpose of the ordinance, all three cases resulted in judgments against the Plaintiff and $3273 in fines.

104. At the time the City of Altoona filed the cases against Plaintiff, the lender had already commenced foreclosure proceedings on the 315 Aldrich Avenue property.

105. Once the foreclosure proceedings began, Plaintiff was prohibited from entering or accessing the property, which was locked by the lender.

106. Even though Plaintiff was not permitted to enter or access the property during the foreclosure proceedings, the City of Altoona continued to demand payment from Plaintiff for vacant property registration and associated fees and fines in excess of $3,000.

107. In the months leading up to the hearing, Plaintiff consistently and frequently informed the City of Altoona that the 315 Aldrich Avenue property was in foreclosure proceedings, a matter of public record in Blair County.

108. During the foreclosure proceedings, the lender locked Plaintiff out of the house and the lender retained full control of the 315 Aldrich Avenue property.

109. Because the 315 Aldrich Avenue property was locked at the commencement of foreclosure proceedings, Plaintiff's personal property remained locked in the house and Plaintiff could not access his personal property.

110. Since the 315 Aldrich Avenue property was locked up and posted as vacant, the house was burglarized and much of Plaintiff's personal property was stolen and the interior of the house was damaged.

111. The City of Altoona wrongfully imposed inspection fees and repeatedly demanded Plaintiff register the 315 Aldrich Avenue property as vacant, and also demanded additional fees ranging from $500 to $1,000 on 3 separate occasions.

112. The City of Altoona's demand for fees and vacant property registration occurred at the time when the lender had complete and total control of the 315 Aldrich Avenue property and Plaintiff was locked out of the property.

113. The purpose of the Vacant Building Ordinance is to prevent blighted properties, to promote safety and to prevent crime.

114. Plaintiff's 315 Aldrich Avenue property is in a respectable neighborhood and is maintained by Plaintiff.

115. The City of Altoona posted the 315 Aldrich Avenue property, which was maintained, in a residential area, and presented no danger of blight or safety concerns, and thus contrary to the purpose of the Vacant Building Ordinance.

116. The City of Altoona ignored Plaintiff's communications about the 315 Aldrich Avenue property being in foreclosure proceedings, the foreclosure proceedings could have been further verified as a matter of public record.

117. Choosing to ignore the fact that the 315 Aldrich Avenue property was in foreclosure proceedings and that Plaintiff was prohibited from entering the property during the same, the City of Altoona posted the house as vacant for failure to register the property on three separate occasions, filed as three separate complaints, and secured three separate judgments, forcing Plaintiff to pay over $3,200 in fees.

118. The three judgments are currently on appeal in the Blair County Court of Common Pleas.

119. Many other properties in the purview of the City of Altoona are in desperate need of repairs and could be reasonably and objectively deemed blighted.

120. The City of Altoona's constant and incessant demand for registration and repair of the 315 Aldrich Avenue property and ignorance of the ongoing foreclosure proceedings caused Plaintiff to suffer serious financial hardship.

121. The City of Altoona's constant and incessant demand for registration and repair of the 315 Aldrich Avenue property and ignorance of the ongoing foreclosure proceedings further caused economic hardship and mental anguish to Plaintiff because it put Plaintiff in an impossible position to comply with such demands since Plaintiff did not have control or ability to access to the property.

122. Moreover, the 315 Aldrich Avenue property was not a vacant property nor did it fall within the stated purpose of the City of Altoona's vacant building ordinance since the property was frequently used and maintained by Plaintiff and presented no danger of blight nor danger of inhabitation by transients.

123. Plaintiff ate at the property and slept at the property. However, as Plaintiff spent much of his time elsewhere, and showered elsewhere, Plaintiff had the water service discontinued while the service was not in use.

124. Although the lender-initiated foreclosure proceedings have been resolved in the Court of Common Pleas in Blair County, the City of Altoona imposed a financial hardship on Plaintiff by continuing with demands for registration and repairs of the 315 Aldrich Avenue property, as well as the associated fines and fees.

125. Furthermore, Plaintiff was ordered to pay the fines pending his appeal of the judgments to the Blair County Court of Common Pleas, which imposed even more financial hardship and mental anguish on Plaintiff.

126. Plaintiff was put on a payment plan for payment of the fines.

127. Plaintiff could not make some of the payments for payment of the fines on the judgments pending appeal.

128. When Plaintiff was unable to make some of the payments due to financial hardship, the District Magistrate issued a bench warrant for Plaintiff, overall issuing three bench warrants over this period.

## COUNT I

## <u>NEGLIGENCE</u>

129. Paragraphs 1 through 128 are hereby incorporated by reference as if set forth at length herein.

130. That the City of Altoona has a duty to inspect properties to assess compliance and completed repairs made to a particular property prior to issuing citations for violations of the same.

131. The City of Altoona breached its duty by failing to inspect the Plaintiff's property, even after Plaintiff specifically requested an inspection by the City of Altoona.

132. Because the City of Altoona breached its duty, Plaintiff was harmed.

133. At least one judgment was entered against Plaintiff even though Plaintiff did not receive notice, and Plaintiff did not receive notice until after any appeal period had passed and was ordered to pay a fine.

134. Because of the City of Altoona's continued actions, Plaintiff had to defend the other cases against him, costing the Plaintiff additional money and his time.

135. After providing Plaintiff until June 5, 2017, to make repairs, the City of Altoona owed a duty to Plaintiff to abide by the City's own timeline for Plaintiff to complete the repairs before taking further action against Plaintiff.

136. The City of Altoona breached its duty to Plaintiff when the City of Altoona cited Plaintiff months prior to June 5, 2017, which was the time Plaintiff was given to complete the repairs.

137. The City of Altoona's breach of duty to Plaintiff caused harm to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order for damages including punitive damages, costs and interest.

## COUNT II

### INTERFERENCE WITH CONTRACT

138. Paragraphs 1 through 137 are hereby incorporated by reference as if set forth at length herein.

139. That the City of Altoona knew that Plaintiff owned the 909 27th Street property and that the 909 27th Street property was a rental property.

140. The City of Altoona knew that the property was under lease and occupied by a tenant.

141. The City of Altoona knew that issuing Plaintiff a citation for the 909 27th Street property would give the tenant grounds to terminate the lease with Plaintiff.

142. The City of Altoona cited Plaintiff prior to June 5, 2017, in order to give the tenant grounds to terminate the lease, and thus interfered with the contract between Plaintiff and tenant.

143. The City of Altoona's interference with the contract between Plaintiff and tenant caused Plaintiff harm and resulted in Plaintiff's loss of income.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order for damages including punitive damages, costs and interest.

## COUNT III

### ABUSE OF PROCESS

144. Paragraphs 1 through 143 are hereby incorporated by reference as if set forth at length herein.

145. That Plaintiff was given until June 5, 2017 to make repairs to the property yet the City of Altoona cited Plaintiff prior to June 5, 2017, and the City of Altoona cited Plaintiff after repairs had already been made, repairs the City of Altoona knew about from Plaintiff's call and should have been known if the City conducted an inspection.

146. The City of Altoona's actions against Plaintiff were based on improper and discriminatory motives, including the City of Altoona's dislike for Plaintiff as a landlord, as person of Jewish descent, and as a businessman.

147. The City of Altoona made threats to seize Plaintiff's property once the City could get a judgment against Plaintiff.

148. The City of Altoona's actions against Plaintiff caused harm to Plaintiff.

149. Because of the City's actions, Plaintiff lost rental income starting from the time the tenant moved out, which the City of Altoona facilitated through the issuance of citations and interference with Plaintiff's and tenant's contract.

150. Moreover, the City's actions have caused Plaintiff a continuing loss of income because Plaintiff is unable to rent property that is in foreclosure proceedings or pending sale, and that the foreclosure proceedings resulted from Plaintiff's financial hardship and loss of income, all of which was put into motion by the City's incessant actions against Plaintiff.

151. Furthermore, Plaintiff has incurred all the court costs and attorney's fees resulting from Plaintiff having to defend himself against the City of Altoona.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order for damages including punitive damages, attorney's fees, costs and interest.

## COUNT IV

## SUBSTANTIVE DUE PROCESS

152. Paragraphs 1 through 151 are hereby incorporated by reference as if set forth at length herein.

153. The City of Altoona's actions deprived Plaintiff of his property without justification by sufficient purpose because the actions of the City were motivated by bias, bad faith, and improper motive, and such motives can never be rationally related to any legitimate governmental interest.

154. The City of Altoona's actions constituted arbitrary abuse of governmental power because the City deliberately interfered with Plaintiff's fundamental constitutional rights without justification and with motives unrelated to any legitimate governmental interest.

155. The City of Altoona's actions deprived Plaintiff of his right to substantive due process as afforded and protected by the United States and Pennsylvania Constitutions.

156. The City of Altoona's deprivation harmed Plaintiff and caused damages to Plaintiff including, but not limited to, excessive financial burdens, including construction costs and loss of income, damage to Plaintiff's reputation, lost interest income, and loss of profits.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order declaring the actions by the City of Altoona deprived Plaintiff of his fundamental Constitutional rights to substantive due process, enjoining the City of Altoona and all others acting in concert with or as directed by the City of Altoona, enter an award for damages including punitive damages, attorney's fees, costs and interest.

## COUNT V

## EQUAL PROTECTION

157. Paragraphs 1 through 156 are hereby incorporated by reference as if set forth at length herein.

158. The City of Altoona denied Plaintiff of his Constitutional right to equal protection of the laws in violation of the Fourteenth Amendment, which requires the City of Altoona to treat similarly situated persons in a similar manner in its application of law and in official actions, absent a valid reason for differing treatment.

159. The City of Altoona's treatment of Plaintiff differed from those persons similarly situated, because the City of Altoona enforced the City's codes, ordinances and regulations against Plaintiff selectively, strategically, and improperly motivated by a dislike for Plaintiff, which is different from other property owners and landlords in the City.

160. Furthermore, the City of Altoona's treatment of Plaintiff was intentional, malicious, in bad faith, and motivated by a desire to "punish" and injure Plaintiff.

161. The City of Altoona's actions deprived Plaintiff of his Constitutional right to equal protection of the laws in direct violation of the Fourteenth Amendment, as afforded and protected by the United States and Pennsylvania Constitutions.

162. The City of Altoona's deprivation of Plaintiff's guaranteed Constitutional rights caused Plaintiff damages, including but not limited to, excessive financial burdens, including construction costs and loss of income, damage to Plaintiff's reputation, lost interest income, and loss of profits.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order declaring that the City of Altoona's actions deprived Plaintiff of his Constitutional right to equal protection of the laws, enjoining the City of Altoona and all others acting in concert with or as directed by the City of Altoona, enter an award for damages including punitive damages, attorney's fees, costs and interest.

## COUNT VI

### FALSE IMPRISONMENT

163. Paragraphs 1 through 162 are hereby incorporated by reference as if set forth at length herein.

164. The City of Altoona's actions against Plaintiff caused Plaintiff's financial hardship, which put Plaintiff in financial straits, and thus Plaintiff could not make every payment toward the fines as imposed by the District Magistrate's payment plan.

165. Plaintiff requested suspension of the payments pending appeal, which the District Magistrate denied.

166. Since Plaintiff was unable to make payments according to the payment plan because of the financial hardship caused by the City of Altoona, the District Magistrate issued bench warrants for Plaintiff's non-payment on three separate occasions, and on each occasion Plaintiff was picked up on the bench warrant and jailed.

167. The City of Altoona was directly responsible for pursuing actions against Plaintiff in bad faith, unlawfully, with improper motive, and contrary to Plaintiff's Constitutional rights.

168. The fines imposed on Plaintiff resulted from actions filed by the City of Altoona, actions the City of Altoona took against Plaintiff in bad faith, unlawfully, with improper motive, and in direct violation of Plaintiff's Constitutional rights.

169. Furthermore, the City of Altoona caused the Plaintiff's inability to make all scheduled payments of the fines pending appeal because the City of Altoona's action caused Plaintiff's financial hardship.

170. As a result of Plaintiff's financial hardship caused by the City of Altoona, Plaintiff could not pay the fines according to the payment plan, fines that were imposed on Plaintiff as a result of the City of Altoona's actions made in bad faith, unlawfully, with improper motive, and in direct violation of Plaintiff's Constitutional rights.

171. And as a result of Plaintiff's financial inability to pay the fines pursuant to judgments pending appeal and unlawfully pursued, bench warrants were issued and the Blair County Sheriff arrested and jailed Plaintiff, which restricted Plaintiff's freedom of movement and caused harm to Plaintiff.

172. Plaintiff endured physical discomfort and a loss of work time, Plaintiff suffered mental anguish, emotional distress, damage to reputation, embarrassment and humiliation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order for damages including punitive damages, costs and interest.

## COUNT VII

## EMINENT DOMAIN

173. Paragraphs 1 through 172 are hereby incorporated by reference as if set forth at length herein.

174. On or about September 16, 2021, Plaintiff's house at the 909 27th Street property was demolished at the direction of the City of Altoona, an act furthering the City of Altoona's actions against Plaintiff that were made in bad faith, unlawfully, with improper motive, and in direct violation of Plaintiff's Constitutional rights

175. The City of Altoona's demolition of Plaintiff's 909 27th Street property constitutes a *de facto* and/or statutory taking.

176. The City of Altoona did not file a Declaration of Taking for the taking of 909 27th Street property nor was Plaintiff provided just compensation for the taking.

177. The City of Altoona did not effectively provide Plaintiff with required notice prior to exercising its eminent domain powers because of the City's improper service of process.

178. A *de facto* and/or statutory taking occurs when an entity having the power of eminent domain substantially deprives the property owner of his right to the beneficial use and enjoyment of his property as consequence of the exercise of eminent domain power.

179. The City of Altoona as a governmental body has the power to exercise eminent domain in the City of Altoona municipality, and Plaintiff's 909 27th Street property is located in the municipality of the City of Altoona.

180. The City of Altoona used its power of eminent domain to demolish Plaintiff's property, resulting in Plaintiff's total loss of his house at 909 27th Street property.

181. The City of Altoona's demolition of Plaintiff's property effectually wiped out the home's very existence, constituting a permanent, substantial deprivation of Plaintiff's right to the beneficial use and enjoyment of his property as consequence of the City's demolition because Plaintiff cannot use a property that no longer exists.

182. Plaintiff sustained damages that are the immediate, necessary, and unavoidable consequences of eminent domain, including but not limited to, total loss of the house on property, total loss of income derived from property rental from the onset and now in perpetuity, total loss of freedom of contract, as well as other incidental and consequential damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an order conclusively determining that the City of Altoona's actions constituted a *de facto* and/or statutory taking of Plaintiff's property and determining Plaintiff was damaged, including punitive damages, costs and interest.

**JURY TRIAL DEMANDED**                    Respectfully Submitted,


By:

_Greta M. Kiser_
Greta M. Kiser, Esquire
Huwar Kiser Law Offices, P.C.
217 Arthur Street
Kittanning, PA 16201
(878) 422-0055

Wednesday, April 27, 2022
12:54 PM

# EXHIBIT A

Quit-Claim Deed
County Parcel NO. _____

BOOK 1510 PAGE 433

## THIS INDENTURE,

MADE the 21st day of December, in the year Two Thousand (2000)

BETWEEN   **SHLOMO DOTAN**, Single, and **REVA B. DOTAN**, Single,
both of the City of Altoona, County of Blair and Commonwealth
Pennsylvania, GRANTORS

And

**SHLOMO DOTAN**, Single, of the City of Altoona, County
the Blair and Commonwealth of Pennsylvania; GRANTEE

WITNESSETH, in consideration of the sum of One ($1.00) DOLLAR and other good and
valuable consideration   receipt whereof is hereby acknowledged,

The said grantors do hereby release and quit claim to the said grantee:

ALL THOSE CERTAIN lots or pieces of ground with the improvements thereon
erected, situate in the City of Altoona, County of Blair and State of Pennsylvania, in the
plan or plot of Llyswen, Section 3, which said plan is recorded in Blair County Plot Book 4,
Page 27, bounded and described as follows, to wit:

BEGINNING at a point on the Eastern side of Aldrich Avenue, which point is Three
hundred thirty and five-tenths (330.5) feet South from the Southeast corner of Whittier
Avenue and Aldrich Avenue; thence South One (1) degree Fifty-five (55) minutes East
along the East side of Aldrich Avenue, a distance of Twenty-six and one-tenth (26.1) feet
to line of Lot No. 180; thence continuing along the East side of Aldrich Avenue, South
Eighteen (18) degrees Thirty-seven (37) minutes East a distance of Seventy-five (75) feet
to a point; thence at right angles to Aldrich Avenue in an Easterly direction on a line
parallel to line of Lot No. 181, a distance of One hundred twenty (120) feet to the Western
side of Shelley Alley; thence along the Western side of said alley in a Northerly direction a
distance of One hundred (100) feet; thence at right angles to said alley in a Westerly
direction, on a line parallel to the line of Lot No. 179, a distance of One hundred twelve and

Thursday, April 01, 2021
9:59 AM

# EXHIBIT B

Quit-Claim Deed
County Parcel NO. _____

BOOK 1510 PAGE 436

## THIS INDENTURE,

MADE the ___ day of _December__ in the year Two Thousand (2000)

**BETWEEN** **REVA B. DOTAN**, Single, of the City of Altoona, County of Blair and Commonwealth of Pennsylvania, GRANTOR

And

**SHLOMO DOTAN**, Single, of the City of Altoona, County the Blair and Commonwealth of Pennsylvania; GRANTEE

WITNESSETH, in consideration of the sum of One ($1.00) DOLLAR and other good and valuable consideration   receipt whereof is hereby acknowledged,

The said grantor does hereby release and quit claim to the said grantee:

ALL THAT CERTAIN part of a lot or piece of ground, situate in the City of Altoona, County of Blair and State of Pennsylvania, bounded and described as follows:

BEGINNING at a point on the Southwest side of 27th Street, 70 feet Northwest along 27th Street, from the Northwest side of Maple Avenue; thence extending Northwest along 27th Street, 50 feet to an alley; thence Southwest along said alley, 25 feet to a point; thence Southeast and parallel with the Southwest side of 27th Street, 50 feet to a point; thence Northeast and parallel with Maple Avenue, 25 feet to a point and place of BEGINNING at 27th Street.  Being the rear portion of the Northeast half of Lot No. 7 in Block 22, in the Plot of Allegheny, Section "A", as recorded in Deed Book Volume 86, Page 678.

HAVING THEREON ERECTED a dwelling house known and numbered as 909 – 27th Street, Altoona, Pennsylvania.

FOR CHAIN OF TITLE see Dee Book Volume 1054, Page 782.

BEING the same premises title to which became vested in SHLOMO DOTAN, a married person, by deed of NORMAN T. LYNN, SR. and LORETTA LYNN, husband and

BOOK 1510 PAGE 437

wife, dated 27th day of July, 1981 and recorded on 14th day of August, 1981 in Blair County Deed Book Volume 1068, Page 169.

THIS CONVEYANCE IS EXEMPT FROM REAL ESTATE TRANSFER TAXES AS ONE BETWEEN SPOUSES PURSUANT TO A DIVORCE ACTION FILED TO NUMBER 6527 G.N., 1999 IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA, AND ITS PURPOSE IS TO CONVEY ALL OF THE SAID REVA B. DOTAN'S RIGHT, TITLE and INTEREST IN and TO SAID REAL ESTATE TO THE GRANTEE, SHLOMO DOTAN, PURSUANT TO THE RESOLUTION OF SAID DIVORCE ACTION.

THE SCRIVERNER OF THIS DEED HAS NOT EXAMINED THE TITLE TO THE CONVEYED PREMISES.

IN WITNESS WHEREOF, the said grantor have hereunto set her hand and seal, the day and year first above written,

Sealed and Delivered in the Presence of:

_____                    _____
                                           Reva B. Dotan

COMMONWEALTH OF PENNSYLVANIA    }
                                } SS:
COUNTY OF BLAIR                 }

On this, the 21st day of DECEMBER 2000, before me, a Notary Public, the undersigned officer, personally appeared REVA B. DOTAN, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

_____
Notary Public

My Commission Expires: _____

```
NOTARIAL SEAL
WENDY S. McCARBY, NOTARY PUBLIC
ALTOONA, BLAIR COUNTY
MY COMMISSION EXPIRES MARCH 29, 2004
```

## CERTIFICATE OF RESIDENCE

I, hereby certify that the correct address and place of residence of the grantees herein as follows:   315 Aldrich Avenue
        Altoona, PA 16602

_____
Attorney or Agent for Grantee

_____

Recorded December 21, 2000 at 2:30 P.M.                    , Recorder.

Wednesday, April 27, 2022
12:59 PM

# EXHIBIT C

## This Indenture,

BOOK 1084 PAGE 94

Made the 28th day of December
Nineteen hundred and eighty-two (1982)

**Between** CLARA L. BASOM, single, of the City of Altoona, County of Blair and State of Pennsylvania, Grantor, party of the first part;

A
N
D

SHEOMO DOTAN, of the City of Altoona, County of Blair and State of Pennsylvania, Grantee, party----------------------------------------------------------------

Altoona City-School $ 180.00
R.E. Transfer Tax
Date 12-29-82
Auth. Sig.

of the second part, **Witnesseth** that the said part y of the first part, for and in considera-
tion of the sum of---EIGHTEEN THOUSAND AND NO/100 ($18,000.00) DOLLARS-----------------
--------------------------lawful money of the United States of America, unto her well and
truly paid by the said part y of the second part, at or before the sealing and delivery of these
presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold,
aliened, enfeoffed, released, conveyed and confirmed, and by these presents does grant, bargain,
sell, alien, enfeoff, release, convey and confirm, unto the said party of the second part
his heirs and assigns forever,

ALL that certain piece or part of a lot lying and being situate in the City of
Altoona, County of Blair and State of Pennsylvania:

FRONTING fifty (50) feet on the Southwest side of Twenty-fifth (25th) Street,
between Fourth (4th) and Third (3rd) Avenues, bounded and described as follows:

BEGINNING at a point on the Southwest side of Twenty-fifth (25th) Street seventy
(70) feet Southeast from the Southeast corner of Fourth (4th) Avenue and Twenty-
fifth (25th) Street, and extending in a Southeasterly direction along said Twenty-
fifth (25th) Street to an alley, a distance of fifty (50) feet, more or less;
thence along said alley in a Southwesterly direction, fifty (50) feet to a line
of adjacent lot; thence along said line in a Northwesterly direction, fifty (50)
feet, more or less, to a point on said line; thence in a Northeasterly direction
fifty (50) feet, to a place of beginning.

BEING known and numbered as No. 313 Twenty-fifth Street, Altoona, Pennsylvania.

BEING the same premises title to which became vested in Clara L. Basom by
deed of Alan R. Basom and Clara L. Basom, his wife, dated the 1st day of November,
1976, and recorded in Blair County Deed Book Volume 1006, Page 872.

## **VERIFICATION**

I, **Shlomo Dotan**, verify that the statements made in this Complaint  are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4909 relating to unsworn falsification to authorities.

Date: 6-29-23

**Shlomo Dotan**

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION – LAW |
| SHLOMO DOTAN, | : |  |
| Plaintiff | : |  |
|  | : | No. 2022-GN-2916 |
| vs. | : |  |
|  | : |  |
|  | : |  |
| CITY OF ALTOONA, | : |  |
| Defendant | : |  |
|  | : |  |

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Date: _June 29, 2023_

_Greta M. Kiser_
Greta M. Kiser, Esquire

HUWAR KISER LAW OFFICES, P.C.
217 ARTHUR STREET
KITTANNING, PA 16201
(878) 422-0055

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| SHLOMO DOTAN, | : | |
| Plaintiff | : | |
| | : | No. 2022-GN-2916 |
| vs. | : | |
| | : | |
| | : | Type of Pleading: COMPLAINT |
| CITY OF ALTOONA, | : | |
| Defendant | : | |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th of June, 2023, a copy of the *Complaint for Damages* was served on the City of Altoona, Defendant, in accordance with the applicable rules of court.

CITY OF ALTOONA
1301 Twelfth Street
Altoona, Pennsylvania 16601

Date: _June 29, 2023_

_Greta M. Kiser, Esquire_

HUWAR KISER LAW OFFICES, P.C.
217 ARTHUR STREET
KITTANNING, PA 16201
(878) 422-0055